This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

**v.**                                                                                          **No. 31,819**

**DAVID CASTOR,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Michael E. Vigil, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellant

Bennet J. Bauer, Acting Chief Public Defender
Sergio Viscoli, Assistant Appellate Defender
Santa Fe, NM

for Appellee

## MEMORANDUM OPINION

**VIGIL, Judge.**

The State appeals from the district court's order granting Defendant's motion to set aside the statutory mandate found in NMSA 1978, Section 66-8-102(N) (2010),

requiring Defendant to obtain an ignition interlock license and that his vehicle contain a breath alcohol ignition interlock device (BAIID). The district court ruled that the statute violates the Equal Protection Clauses of the United States and New Mexico Constitutions as applied to Defendant, because Defendant's DWI conviction was based on a drug impairment, rather than an alcohol impairment, and the BAIID detects only the presence of alcohol. [RP 93-94] We issued a stay of the case pending a decision by this Court in *State v. Valdez*, 2012-NMCA-___, ___P.3d ___ (No. 31,164, Sept. 19, 2012). Upon the issuance of *Valdez*, we issued a notice lifting the stay and proposing to reverse the district court. Defendant has filed a memorandum in opposition to our notice, which we have duly considered. We remain persuaded that *Valdez* governs all matters in this appeal and requires reversal. We, therefore, reverse the district court's ruling.

In response to our notice, Defendant attempts to distinguish the *Valdez* opinion on grounds that Valdez was convicted for driving under the influence of prescription drugs, whereas Defendant was convicted for driving under the influence of marijuana. [MIO 3-4] Defendant contends that the Court in *Valdez* made a connection between the use of prescription drugs and the use of alcohol and relied on various studies that found "the drug most frequently used in combination with prescription drugs was alcohol" and that "[t]here is growing evidence documenting the association between

alcohol use and [nonmedical use of prescription drugs]." *Valdez*, 2012-NMCA-___, ¶ 13 (alterations in original) (internal quotation marks and citation omitted). [MIO 4] Defendant contends that because there is no evidence that marijuana use is associated with alcohol use, and because the holding in *Valdez* was based on a correlation between non-medical prescription drug use and alcohol use, *Valdez* does not apply to the current case. [Id.]  We are not persuaded.

The operative language we used repeatedly in *Valdez* that is crucial to the holding affords the Legislature broad latitude to experiment with possible solutions to New Mexico's DWI problem, solutions that include applying the sanction of requiring a BAIID "without regard to the underlying substance that led to the offender's impairment and conviction." *Id.* ¶ 12.  As we indicated in our notice, the *Valdez* Court decided that under the Equal Protection Clauses of both the United States and New Mexico Constitutions, the BAIID requirement in the DWI statute as applied to drivers who were impaired by drugs, rather than alcohol, satisfies the applicable rational basis scrutiny. *See id.* ¶¶ 1, 22.  We emphasized that the burden on the party challenging the legislation is great, and requires the party to "show that the classification serves no valid governmental interest, is unreasonable and [so] arbitrary as to amount to mere caprice." *Id.* ¶ 8 (internal quotation marks and citation omitted).  We observed that the purpose of the DWI laws is to protect the health,

safety, and welfare of the public and to deter impaired, unsafe driving, which we have long acknowledged as compelling. *See id.* ¶ 9. Upon our examination of the broad legislative scheme relative to DWI, we determined that the legislative intent was that the BAIID requirement would apply to drivers under the influence of either drugs or alcohol, because both forms of impairment are criminalized and punished as DWI and require the driver to obtain a BAIID. *See id.* ¶¶ 11, 12 (examining Section 66-8-102(N), NMSA 1978, Section 66-5-503(A) (2009), and NMSA 1978, Section 66-5-502(B) and (D) (2007)). The valid legislative goal that drives the DWI laws is to "prevent[] offenders from getting behind the wheel and again driving in an impaired state," *Valdez*, 2012-NMCA-___, ¶ 14, "irrespective of the cause of the impairment," *id.* ¶ 17. We further explained that a degree of over-inclusiveness is acceptable "to insure the achievement of statutory ends," as long as the over-inclusive classification does not rest upon "grounds wholly irrelevant to the achievement of the [s]tate's objective, and, as long as any state of facts reasonably may be conceived to justify it." *Id.* ¶ 15 (alteration in original) (internal quotation marks and citations omitted).

As these statements illustrate, the Court did not draw any constitutional or other distinction among the substances that could lead to a driver's impaired state in holding that the Equal Protection Clause is not offended by applying the BAIID requirement

to drivers impaired by drugs. *See id.* ¶ 17 ("We cannot say that requiring [BAIIDs] for all DWI offenders, regardless of the type of substance that led to the conviction, amounts to an act of the Legislature that is unreasonable and arbitrary as to amount to mere caprice." (internal quotation marks and citation omitted)).

Defendant asserts no other new factual or legal argument that persuades us that the requirements of Section 66-8-102(N) are unconstitutional as applied to his DWI conviction. For the reasons stated in this opinion and in our notice, we reverse the district court's ruling.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**


_____
**MICHAEL D. BUSTAMANTE, Judge**


_____
**JONATHAN B. SUTIN, Judge**